UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TTEC DIGITAL, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>INSTALLATIONS, LLC D/B/A GO CONFIGURE,<br><br>    Defendant. | Case No.  24-cv-08295-JSC<br><br>**ORDER TO SHOW CAUSE RE: DIVERSITY JURISDICTION** |

TTEC Digital, LLC (TTEC) brings claims against Installations, LLC (Installations) and its parent company, AIT Worldwide Logistics, Inc. (Dkt. No. 1.)[1] TTEC asserts federal subject matter jurisdiction based on diversity. (Dkt. No. 1-5.) The complaint alleges "TTEC is a Texas limited liability company with its principal place of business" in Texas. (Dkt. No. 1 ¶ 1.) TTEC alleges, "[o]n information and belief, Installations, LLC is a Delaware limited liability company with its principal place of business" in Ohio. (*Id.* ¶ 3.) And "[o]n information and belief, while AIT is an Illinois company, AIT is a registered foreign company in California and transacts business in the State of California and the Northern District of California." (*Id.* ¶ 5.)

Because "an LLC is a citizen of every state of which its owners/members are citizens," *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), the state of incorporation and principal place of business for TTEC and Installations are irrelevant to the question of diversity jurisdiction. Therefore, TTEC does not properly allege diversity jurisdiction. No other basis for federal subject matter jurisdiction is clear from the complaint.

Accordingly, on or before December 20, 2024, TTEC and Installations shall make a

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

supplemental filing setting forth the citizenship of each member of the llc parties. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." (cleaned up)); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.").

**IT IS SO ORDERED.**

Dated: December 3, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge